## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___DEKALB___ County

| For Clerk Use Only | 3/8/2022 | 22A00853 |
|---|---|---|
| **Date Filed** _____ | | **Case Number** _____ |
| **MM-DD-YYYY** | | |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Torres, Yois | | | | | Knight Transportation, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Pirela, Johan | | | | | Bell, Pamela | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Arias, Alessandra | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _Nathalie Dressie_    **Bar Number** _335687_    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**         **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☒ Is an interpreter needed in this case? If so, provide the language(s) required. _Spanish_
                                                                **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

STATE COURT OF
DEKALB COUNTY, GA.
3/8/2022 11:03 AM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

YOIS TORRES, AND JOHAN PIRELA,    :
INDIVIDUALLY, AND AS PARENTS      :
AND NATURAL GUARDIANS OF          :
ALESSANDRA ARIAS,                 :
                                  :
     Plaintiffs,                  :
                                  :        CIVIL ACTION
vs.                               :        FILE NO. 22A00853
                                  :        _____
                                  :
KNIGHT TRANSPORTATION, INC.       :
AND PAMELA BELL,                  :
                                  :
     Defendants.                  :
_____ :

## COMPLAINT FOR DAMAGES

     COME NOW Plaintiffs Yois Torres and Johan Pirela, individually, and as parents and

natural guardians of Alessandra Arias (hereinafter "Plaintiffs") and make and file this Complaint

against Defendants Knight Transportation, Inc. (hereinafter "Defendant Knight") and Pamela

Bell (hereinafter "Defendant Bell") and show this Honorable Court the following:

### JURISDICTION AND VENUE

1.

     Plaintiffs are residents of the State of Georgia and are subject to the jurisdiction of this

Honorable Court.

2.

     Defendant Knight is a foreign profit Arizona corporation and an interstate motor carrier

as defined by O.C.G.A. § 46-7-1 et. seq. Defendant Knight is subject to the jurisdiction and

venue of this Honorable Court and may be served with service of process upon its registered

agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA 30046.

pg. 1

3.

Defendant Pamela Bell is a citizen and a resident of Jefferson Parish County, Louisiana and is subject to the jurisdiction and venue of this Honorable Court. Defendant may be served with service of process by second original at her residence address 307 Glendella Drive, Westwego, LA 70094.

4.

Venue is proper in this Court and this Court has subject matter jurisdiction over the claims asserted herein and personal jurisdiction over the Defendants.

## STATEMENT OF FACTS

5.

Plaintiffs re-allege and reaffirm the allegations contained in paragraphs 1 through 4 above, as if fully set forth herein, and states as follows:

6.

On or about November 28, 2020, Defendant Bell was operating a 2020 Kenworth Construct T400, owned by Defendant Knight, while traveling southbound on Interstate 85 in DeKalb County, Georgia.

7.

At or about the same time, Plaintiffs were traveling in a 2020 Hyundai Elantra in the lane to the right of Defendant Bell on Interstate 85 in DeKalb County, Georgia.

8.

While operating the 2020 Kenworth Construct, Defendant Bell negligently collided with the rear of Plaintiffs' vehicle in violation of O.C.G.A. § 40-6-123A.

9.

At the time of the collision, Defendant Bell was an employee and/or agent of Defendant Knight and was acting within the course and scope of her employment and/or agency with Defendant Knight.

10.

At the time of the collision, Defendant Bell was operating Defendant Knight's vehicle under US DOT #428823 and MC-227271.

11.

Plaintiffs were unable to avoid or otherwise reduce the consequences of the collision.

12.

The actions of the Defendants as set forth hereinabove constitute a reckless disregard for the safety of Plaintiffs' person and property.

13.

As a result of the subject collision, Plaintiffs suffered severe and permanent injuries.

## **DAMAGES**

14.

Plaintiffs re-allege and reaffirm the allegations contained in paragraphs 1 through 13 above, as if fully set forth herein, and states as follows:

15.

The damages claimed by the Plaintiffs were proximately caused by the tortious acts and omissions of the Defendants for which they are jointly and severally liable.

16.

As a direct and proximate result of the Defendants' negligence, Plaintiffs suffered serious bodily injuries, incurred past and future medical expenses, past and future travel expenses, past and future pain and suffering, past and future loss of enjoyment of life, past and future lost wages, reduced earning capacity, and permanent impairment.  Plaintiffs are further entitled to recover any and all other general damages proximately caused by Defendants' negligence.

17.

As a proximate result of Defendants' negligence, Plaintiff Yois Torres suffered special damages not less than as follows:

| | |
|---|---|
| Buckeye Medical Center | $4,378.00 |
| Georgia Interventional Medicine | $49,435.75 |
| Hope Neurological GA | $6,122.16 |
| Lost Wages | TBD |
| **Total** | **$ 59,935.91** |

18.

As a proximate result of Defendants' negligence, Plaintiff Johan Pirela suffered special damages no less than as follows:

| | |
|---|---|
| Buckeye Medical Center | $4,378.00 |
| Georgia Interventional Medicine | $43,692.25 |
| Lost Wages | TBD |
| **Total** | **$ 48,085.25** |

19.

As a proximate result of Defendants' negligence, Plaintiff Alessandra Arias suffered special damages no less than as follows:

| | |
|---|---|
| Buckeye Medical Center | $1,398.00 |
| **Total** | **$ 1,398.00** |

20.

The sole and proximate cause of the collision and Plaintiffs' resulting injuries was Defendants' negligence, unmixed with any negligence on the part of Plaintiffs.

## COUNT I – NEGLIGENCE

21.

Plaintiffs re-allege and reaffirm the allegations contained in paragraphs 1 through 20 above, as if fully set forth herein, and states as follows:

22.

Defendant Bell is liable for the following tortious acts and omissions:

a) Negligently changing lanes improperly;

b) Negligently failing to stay in her lane;

c) Negligently failing to travel at a reasonable and prudent speed under existing roadway conditions;

d) Negligently failing to keep the tractor trailer under control;

e) Negligently failing to maintain a proper lookout;

f) Negligently failing to exercise reasonable care under the circumstances that then existed;

g) Tortiously violating regulations of State and Federal law; and

h) Reckless driving.

23.

Defendant Bell's negligence is the sole and proximate cause of the collision and Plaintiffs' resulting injuries.

## COUNT II – IMPUTED LIABILITY

24.

Plaintiffs re-allege and reaffirm the allegations contained in paragraphs 1 through 23 above, as if fully set forth herein, and states as follows:

25.

At the time of the subject collision, Defendant Bell was under the dispatch for Defendant Knight.

26.

At the time of the subject collision, Defendant Bell was operating her vehicle on behalf of Defendant Knight.

27.

Defendant Knight is an intrastate or interstate motor carrier, and pursuing to federal and state laws, is responsible for the actions of Defendant Bell in regard to the subject collision under the doctrine of lease liability, agency, and/or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

28.

Plaintiffs re-allege and reaffirm the allegations contained in paragraphs 1 through 27 above, as if fully set forth herein, and states as follows:

29.

Defendant Knight was negligent in hiring Defendant Bell, retaining Defendant Bell and entrusting Defendant Bell to drive a tractor-trailer.

30.

Defendant Knight was negligent in failing to properly train its agent and/or employee Defendant Bell.

31.

Defendant Knight was negligent in failing to properly supervise its agent and/or employee Defendant Bell.

32.

Defendant Knight's negligence in hiring Defendant Bell and entrusting her with driving a commercial vehicle and failing to train and supervise her properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## **TRIAL BY JURY**

33.

**WHEREFORE**, Plaintiffs pray that this Honorable Court issue a judgment against the Defendants and:

(a)   That Plaintiff Yois Torres be awarded actual current medical damages in the amount of $59,935.91and continuing;

(b)   That Plaintiff Johan Pirela be awarded actual current medical damages in the amount of $48,085.25 and continuing;

(c)   That Plaintiff Alessandra Arias be awarded actual current medical damages in the amount of $1,398.00 and continuing;

(d)    That Plaintiffs be awarded damages for past, present and future emotional and physical pain and suffering in an amount to be determined at trial by the enlightened conscience of a fair-minded impartial jury;

(e)    That Plaintiffs be awarded damages for lost wages due to this collision;

(f)    That Plaintiffs be awarded damages for future medical expenses in an amount to be determined at trial by the enlightened conscience of a fair-minded impartial jury;

(g)    That Plaintiffs be awarded reasonable attorneys' fees;

(g)    That summons and process be issued according to law;

(h)    That the costs of this action be levied against the Defendants; and

(i)    Any and all other relief this Court deems proper.

Respectfully submitted, this __8__ day of March, 2022.

THE DRESSIE LAW FIRM, LLC

/s/ Nathalie Dressie
Nathalie Dressie, Esq.
Georgia Bar No. 335687
*Attorney for Plaintiffs*

3500 Lenox Road, NE, 1500,
Atlanta, Georgia 30326
Phone No. (770) 756.6333
Fax: (770) 756.6680
Email: Nathalie@dressielaw.com

STATE COURT OF
DEKALB COUNTY, GA.
3/8/2022 11:03 AM
E-FILED
BY: Monica Gay

No. _____22A00853_____

**Date Summons Issued and E-Filed**

_____3/8/2022_____

_____/s/ Monica Gay_____

Deputy Clerk

Deposit Paid $ _____

**[X] JURY**

## STATE COURT OF DEKALB COUNTY
### GEORGIA, DEKALB COUNTY

### SUMMONS

YOIS TORRES, AND JOHAN PIRELA,
INDIVIDUALLY, AND AS PARENTS
AND NATURAL GUARDIANS OF
ALESSANDRA ARIAS,
_____
Plaintiff's name and address

**vs.**

_____KNIGHT TRANSPORTATION, INC._____
_____AND PAMELA BELL,_____
_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
_Nathalie Dressie, Esq. / The Dressie Law Firm_____
Name
_3500 Lenox Road NE, Suite 1500_____
Address
_Atlanta, GA 30326_____335687___
Phone Number                                   Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____     _____
Defendant's Attorney                          Third Party Attorney

_____     _____
Address                                        Address

_____     _____
Phone No.                Georgia Bar No.      Phone No.              Georgia Bar No.

### TYPE OF SUIT

[X] Personal Injury ☐ Products Liability       Principal $ _____TBD_____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability        Interest $ _____TBD_____
☐Other
                                               Atty Fees $ ___TBD_____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**[X](Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**3/8/2022 11:03 AM**
**E-FILED**
**BY: Monica Gay**

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

YOIS TORRES, AND JOHAN PIRELA,        :
INDIVIDUALLY, AND AS PARENTS          :
AND NATURAL GUARDIANS OF              :
ALESSANDRA ARIAS,                     :
                                      :
         Plaintiffs,                  :
                                      :        CIVIL ACTION
vs.                                   :        FILE NO. ___22A00853___
                                      :
                                      :
KNIGHT TRANSPORTATION, INC.           :
AND PAMELA BELL,                      :
                                      :
         Defendants.                  :
_____:

<u>**UNIFORM SUPERIOR COURT RULE 5.2 CERTIFICATE OF SERVICE**</u>

Pursuant to Uniform Superior Court Rule 5.2, the undersigned hereby certifies that on the date shown, Plaintiffs served copies of the following pleadings:

1) Plaintiffs' First Continuing Interrogatories to Defendant Knight Transportation, Inc.;
2) Plaintiffs' First Request for Production of Documents to Defendant Knight Transportation, Inc;
3) Plaintiffs' First Request for Admissions to Defendant Knight Transportation, Inc.;
4) Plaintiffs' First Continuing Interrogatories to Defendant Pamela Bell;
5) Plaintiffs' First Request for Production of Documents to Defendant Bell; and
6) Plaintiffs' First Request for Admissions to Defendant Pamela Bell.

by attaching a copy to Plaintiffs' Complaint and Summons to be served by the Sherriff/ private process server and addressed to:

Registered Agent for Knight Transportation, Inc.
C T Corporation System
289 S Culver Street
Lawrenceville, GA 30046-04805

Pamela Bell
307 Glendella Dr
Westwego, LA 70094

[Signature located on the following page.]

This __8__ day of March, 2022.

THE DRESSIE LAW FIRM, LLC

/s/ Nathalie Dressie_____
Nathalie Dressie, Esq.
Georgia Bar No. 335687
*Attorney for Plaintiffs*

 3500 Lenox Road, NE, Suite 1500
Atlanta, Georgia 30326
Phone No. (770) 756.6333
Fax: (770) 756.6680
Email: Nathalie@dressielaw.com

Civil Action No. __22A00853__

Date Filed __03/08/2022__

State Court ☒
Magistrate Court ☐
Georgia, DeKalb County

YOIS TORRES, AND JOHAN PIRELA,
INDIVIDUALLY, AND AS PARENTS
AND NATURAL GUARDIANS OF       Plaintiffs
ALESSANDRA ARIAS[VS.]

__KNIGHT TRANSPORTATION, INC.__
AND PAMELA BELL

Defendants

**Attorney's Address**

**Name and Address of Party to be Served**

Registered Agent for Knight Transportation, Inc.

C T Corporation System

289 S Culver Street

Lawrenceville, GA 30046-04805

RECEIVED
MAR 1 6 2022
DEKALB COUNTY MARSHAL'S OFFICE

Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about ___ feet and ___ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☑ Diligent search made and defendant _CT Corporation System_ not to be found in the jurisdiction of this Court. _Not a DeKalb County address_

This __28th__ day of __March__, 20__22__.

_J. Vaughn #725_
Deputy
1/60

SHERIFF DOCKETT _____ PAGE _____

22SCIV167581

STATE COURT OF
DEKALB COUNTY, GA.
marshallservice2667
3/28/2022 3:32 PM
E-FILED
BY: Monica Gay

## AFFIDAVIT OF NON-SERVICE

| Case:<br>22A00853 | Court:<br>Dekalb State Court | County:<br>Dekalb, Georgia | Job:<br>6835741 (Y. Torres) |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Yois Torres, Johan Pirela, Alessandra Arias | | **Defendant / Respondent:**<br>Pamela Bell and Knight Transportation, Inc. | |
| **Received by:**<br>Prime Legal, LLC | | **For:**<br>The Dressie Law Firm | |
| **To be served upon:**<br>Pamela Bell | | | |

I, Adriene Berry, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Pamela Bell, 307 Glendella Drive, Westwego, LA 70094

**Manner of Service:**   Bad Address

**Documents:**   2022.3.8 File Stamped Torres et al Complaint.pdf, 2022.3.8 File Stamped Torres et al Summons.pdf, 2022.3.8 File Stamped 5.2 COS-Yois Torres.pdf, 2022.03.08-Filed and Stamped-Civil-case-filing-information-form.pdf

**Additional Comments:**
1) Unsuccessful Attempt: Mar 24, 2022, 6:30 pm PDT at 307 Glendella Drive, Westwego, LA 70094
Per current occupant the subject moved to Georgia.


*Adriene Berry*                     03/24/2022
Adriene Berry                        **Date**

Prime Legal, LLC
32 Robert Rd
Waggaman, Louisiana 70094

## AFFIDAVIT OF SERVICE

State of Georgia                    County of DeKalb                    State Court

Case Number: 22A00853

Plaintiff:
YOIS TORRES, AND JOHAN PIRELA, INDIVIDUALLY, AND AS PARENTS AND
NATURAL GUARDIANS OF ALESSANDRA ARIAS

vs.

Defendants:
KNIGHT TRANSPORTATION, INC. AND PAMELA BELL

For:
Nathalie Dressie
The Dressie Law Firm, LLC
3500 Lenox Rd NE, Suite 1500
Atlanta, GA 30326

Received by Absolute Reporting, LLC to be served on **KNIGHT TRANSPORTATION, INC. Registered Agent: C T Corporation System, 289 S Culver St, Lawrenceville, GA 30046., Lawrenceville, GA 30046**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **30th day of March, 2022** at **2:30 pm**, I:

served **KNIGHT TRANSPORTATION, INC. Registered Agent: C T Corporation System** by delivering a true copy of the
**SUMMONS; COMPLAINT FOR DAMAGES; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION
FORM; UNIFORM SUPERIOR COURT RULE 5.2 CERTIFICATE OF SERVICE;** with the date and hour of service endorsed
thereon by me, to: **Jane Richardson Registered Agent: C T Corporation System,** title: **Process Specialist,** a person authorized
to accept process for the Company, **KNIGHT TRANSPORTATION, INC. Registered Agent: C T Corporation System,** at the
address of: **289 S Culver St, Lawrenceville, GA 30046., Lawrenceville, GA 30046.**

**Description** of Person Served: Age: 60, Sex: F, Race/Skin Color: White, Height: 5'7", Weight: 190, Hair: Light Brown, Glasses:
Y

I certify that I am a citizen of the United States over the age of 18 and have no interest in the above-styled case.

Signed and sworn before me on the 31st day of
_March 2022_ by the affiant who is personally
known to me or produced identification.

NOTARY PUBLIC

*(Notary seal: TIFFANY HORTON, NOTARY, EXPIRES GEORGIA May 18, 2023, PUBLIC, GWINNETT COUNTY)*

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Reporting, LLC**
930 New Hope Road
**Suite 11-110**
Lawrenceville, GA 30045
**(770) 736-8106**

Our Job Serial Number: RBC-2022000631
Ref: TORRES

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2h



## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

RE:   Permanent Process Servers

### **STANDING ORDER**

Pursuant to O.C.G.A. § 9-11-4 (c), this Court provides herein that any person who has completed the application process for appointment as a permanent process server in the Superior Court of DeKalb County for 2022, and has been appointed as a permanent process server in said Court for 2022, shall be deemed to be appointed as a permanent process sever in the State Court of DeKalb County.  Permanent process servers wishing to rely upon this order shall be required to attach a copy of their Superior Court order of appointment to any affidavit of service that is required to be filed with the Court.  All appointments arising pursuant to this order shall be effective until midnight, December 31, 2022.

SO ORDERED THIS _10_ day of December 2021.

_Wayne M Purdom_

Wayne M. Purdom, Chief Judge
State Court of DeKalb County

FILED IN THIS OFFICE
THIS 10th DAY OF December 20 21

_Antione n. Smit_

Clerk, State Court, DeKalb County

FILED 12/15/2021 1:10 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
### STATE OF GEORGIA

IN RE:  Application for Appointment as  :      Civil Action File
Permanent Process Server pursuant to  :      No. 21MPR1432
O.C.G.A. § 9-11-4 (c) (1993).  :

### AFFIDAVIT OF COMPLIANCE OF APPLICANT FOR APPOINTMENT AS A PERMANENT PROCESS SERVER

Personally appeared before me, the undersigned officer duly appointed to administer oaths, _CHRISTOPHER TODD HORTON_, [insert full legal name of applicant - please print legibly] who, being duly sworn, states and avers as follows:

1.

My full legal name is _CHRISTOPHER TODD HORTON_ [insert full legal name of applicant - please print legibly]

2.

I am not suffering under any legal or mental disability and this affidavit is based upon my personal knowledge.

3.

I am a citizen of the United States of America and am of the age of majority (eighteen years of age or older).

4.

I have satisfied the requirements of O.C.G.A. § 9-11-4(c).

5.

I submit this affidavit in support of my application to be appointed as a "permanent" process server for the Stone Mountain Judicial Circuit and swear that the above statements are true under oath and penalty of perjury.

6.

If my application for appointment is granted, I acknowledge that I **CANNOT** serve process in any case in which I am a party and understand that my appointment expires on December 31, 20___.

This the 27th day of _OCTOBER_, 2021.

[Signature of applicant]

_CHRISTOPHER TODD HORTON_
[Print full legal name of applicant]

Applicant's address and daytime telephone number:
542 SIMONTON RIDGE TRL
LAWRENCEVILLE, GA 30045
770-841-0428

Sworn and Subscribed before me
this 27th day of _October_, 20_21_

_____
NOTARY PUBLIC

My Commission Expires: 5-18-23

TIFFANY HORTON
NOTARY
EXPIRES
GEORGIA
May 18, 2023
PUBLIC
GWINNETT COUNTY

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| YOIS TORRES and JOHAN PIRELA, INDIVIDUALLY and as PARENTS and NATURAL GUARDIANS of ALESSANDRA ARIAS, | ) ) ) ) ) | CIVIL ACTION FILE NO. 22A00853 |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) |  |
| KNIGHT TRANSPORTATION, INC. and PAMELA BELL, | ) ) ) |  |
| Defendants. | ) |  |

**DEFENDANT PAMELA BELL'S**
**ANSWER AND DEFENSES OF TO PLAINTIFFS' COMPLAINT**

COMES NOW defendant Pamela Bell, by way of special appearance, without waiving and specifically reserving all defenses jurisdictional and venue defenses, and answers plaintiffs' complaint as follows:

FIRST DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiffs' complaint, Ms. Bell answers as follows:

## JURISDICTION AND VENUE

### 1.

Ms. Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 2.

Ms. Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 3.

Responding to the allegations in this paragraph of the complaint, Ms. Bell admits she may be served according to law.  Except as expressly admitted, Ms. Bell denies the allegations in this paragraph of the complaint.

### 4.

Ms. Bell denies the allegations in this paragraph of the complaint.

## STATEMENT OF FACTS

### 5.

Ms. Bell incorporates her responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 6.

Ms. Bell admits the allegations in this paragraph of the complaint.

7.

Ms. Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

8.

Ms. Bell denies the allegations in this paragraph of the complaint.

9.

Responding to the allegations in this paragraph of the complaint, Ms. Bell admits she was an employee of Knight Transportation, Inc. and was acting within the scope of her employment at the time of the accident.   Except as expressly admitted, Ms. Bell denies the allegations in this paragraph of the complaint.

10.

Ms. Bell admits the allegations in this paragraph of the complaint.

11.

Ms. Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

12.

Ms. Bell denies the allegations in this paragraph of the complaint.

13.

Ms. Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## **DAMAGES**

14.

Ms. Bell incorporates her responses to the foregoing paragraphs of the complaint as if fully set forth herein.

15.

Ms. Bell denies the allegations in this paragraph of the complaint.

16.

Ms. Bell denies the allegations in this paragraph of the complaint.

17.

Ms. Bell denies the allegations in this paragraph of the complaint.

18.

Ms. Bell denies the allegations in this paragraph of the complaint.

19.

Ms. Bell denies the allegations in this paragraph of the complaint.

20.

Ms. Bell denies the allegations in this paragraph of the complaint.

## COUNT I - NEGLIGENCE

### 21.

Ms. Bell incorporates her responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 22.

Ms. Bell denies the allegations in this paragraph of the complaint, including those set forth in subparagraphs (a) through (h).

### 23.

Ms. Bell denies the allegations in this paragraph of the complaint.

## COUNT II – IMPUTED LIABILITY

### 24.

Ms. Bell incorporates her responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 25.

Ms. Bell admits the allegations in this paragraph of the complaint.

### 26.

Ms. Bell admits the allegations in this paragraph of the complaint.

27.

Ms. Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

28.

Ms. Bell incorporates her responses to the foregoing paragraphs of the complaint as if fully set forth herein.

29.

Ms. Bell denies the allegations in this paragraph of the complaint.

30.

Ms. Bell denies the allegations in this paragraph of the complaint.

31.

Ms. Bell denies the allegations in this paragraph of the complaint.

32.

Ms. Bell denies the allegations in this paragraph of the complaint.

## TRIAL BY JURY

33.

Responding to the allegations in paragraph 33 which begins "WHEREFORE" and constitutes plaintiffs' prayer for relief, including subparagraphs (a) through (i),

Ms. Bell denies plaintiffs are entitled to any relief from defendants under any theory, at law or in equity.

34.

Except as expressly admitted or otherwise responded to, Ms. Bell denies all allegations in the complaint.

## THIRD DEFENSE

This Court lacks personal jurisdiction over Ms. Bell.

## FOURTH DEFENSE

There has been an insufficiency of process as to Ms. Bell; therefore, this Court lacks personal jurisdiction over her.

## FIFTH DEFENSE

There has been an insufficiency of service of process as to Ms. Bell; therefore, this Court lacks personal jurisdiction over her.

## SIXTH DEFENSE

Venue is improper in this Court; therefore, this Court lacks personal jurisdiction over Ms. Bell.

## SEVENTH DEFENSE

Defendants did not breach any duty owed to plaintiff.

EIGHTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiffs; therefore, plaintiffs have no right of recovery against defendants .

NINTH DEFENSE

Any injuries or damages sustained by plaintiffs were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiffs, and no alleged act by defendants caused or contributed to the incident described in the complaint.

TENTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, defendants assert the affirmative defenses of assumption of the risk, contributory / comparative negligence, failure of plaintiffs to avoid consequences, failure of plaintiffs to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, and waiver.

## ELEVENTH DEFENSE

Ms. Bell reserves the right to plead such other defenses as may become known to her during the course of investigation and discovery.

WHEREFORE, having fully listed her defenses and having fully answered the complaint, Ms. Bell prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiffs on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiffs; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Sheetal M. Brahmbhatt*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE, Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**DEFENDANTS DEMANDS A TRIAL BY JURY OF TWELVE**

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served the foregoing *ANSWER AND DEFENSES OF DEFENDANT PAMELA BELL TO PLAINTIFFS' COMPLAINT* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants. Counsel of record is as follows:

>Nathalie Dressie, Esq.
>The Dressie Law Firm, LLC
>3500 Lenox Road, NE
>Suite 1500
>Atlanta, GA 30326

This 29th day of April, 2022.

>*/s/ Sheetal M. Brahmbhatt*
>Sheetal M. Brahmbhatt
>Georgia Bar No. 142065

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| YOIS TORRES and JOHAN<br>PIRELA, INDIVIDUALLY and as<br>PARENTS and NATURAL<br>GUARDIANS of ALESSANDRA<br>ARIAS,<br><br>         Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION,<br>INC. and PAMELA BELL,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>NO. 22A00853 |

## ANSWER AND DEFENSES OF DEFENDANT KNIGHT TRANSPORTATION, INC. TO PLAINTIFFS' COMPLAINT

COMES NOW defendant Knight Transportation, Inc. ("Knight") and answers

plaintiffs' complaint as follows:

### FIRST DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiffs' complaint,

Knight answers as follows:

## JURISDICTION AND VENUE

### 1.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 2.

Responding to the allegations in this paragraph of the complaint, Knight admits it is an Arizona corporation and may be served as stated.  Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

### 3.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 4.

Responding to the allegations in this paragraph of the complaint, Knight admits this Court has subject matter jurisdiction over plaintiffs' claims.  Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

## STATEMENT OF FACTS

### 5.

Knight incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

6.

Knight admits the allegations in this paragraph of the complaint.

7.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

8.

Knight denies the allegations in this paragraph of the complaint.

9.

Responding to the allegations in this paragraph of the complaint, Knight admits Ms. Bell was an employee and was acting within the scope of her employment at the time of the accident.  Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

10.

Knight admits the allegations in this paragraph of the complaint.

11.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

12.

Knight denies the allegations in this paragraph of the complaint.

13.

Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## **DAMAGES**

14.

Knight incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

15.

Knight denies the allegations in this paragraph of the complaint.

16.

Knight denies the allegations in this paragraph of the complaint.

17.

Knight denies the allegations in this paragraph of the complaint.

18.

Knight denies the allegations in this paragraph of the complaint.

19.

Knight denies the allegations in this paragraph of the complaint.

20.

Knight denies the allegations in this paragraph of the complaint.

## COUNT I - NEGLIGENCE

### 21.

Knight incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 22.

Knight denies the allegations in this paragraph of the complaint, including those set forth in subparagraphs (a) through (h).

### 23.

Knight denies the allegations in this paragraph of the complaint.

## COUNT II – IMPUTED LIABILITY

### 24.

Knight incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 25.

Knight admits the allegations in this paragraph of the complaint.

### 26.

Knight admits the allegations in this paragraph of the complaint.

27.

Responding to the allegations in this paragraph of the complaint, Knight admits it is a motor carrier and the *respondeat superior* doctrine applies to plaintiffs' claims of negligence against Ms. Bell.  Except as expressly admitted, Knight denies the allegations in this paragraph of the complaint.

## <u>COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION</u>

28.

Knight incorporates its responses to the foregoing paragraphs of the complaint as if fully set forth herein.

29.

Knight denies the allegations in this paragraph of the complaint.

30.

Knight denies the allegations in this paragraph of the complaint.

31.

Knight denies the allegations in this paragraph of the complaint.

32.

Knight denies the allegations in this paragraph of the complaint.

## **TRIAL BY JURY**

### 33.

Responding to the allegations in paragraph 33 which begins "WHEREFORE" and constitutes plaintiffs' prayer for relief, including subparagraphs (a) through (i), Knight denies plaintiffs are entitled to any relief from defendants under any theory, at law or in equity.

### 34.

Except as expressly admitted or otherwise responded to, Knight denies all allegations in the complaint.

### THIRD DEFENSE

Venue is improper in this Court; therefore, this Court lacks personal jurisdiction over Knight.

### FOURTH DEFENSE

Defendants did not breach any duty owed to plaintiffs.

### FIFTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiffs; therefore, plaintiffs have no right of recovery against defendants.

## SIXTH DEFENSE

Any injuries or damages sustained by plaintiffs were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiffs, and no alleged act by defendants caused or contributed to the incident described in the complaint.

## SEVENTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, Knight asserts the affirmative defenses of assumption of the risk, contributory / comparative negligence, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, and waiver.

## EIGHTH DEFENSE

Knight reserves the right to plead additional defenses as become known to it through investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Knight prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiffs on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiffs; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Sheetal M. Brahmbhatt*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**KNIGHT DEMANDS A TRIAL BY JURY OF TWELVE**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *ANSWER AND DEFENSES OF DEFENDANT KNIGHT TRANSPORTATION, INC. TO PLAINTIFFS' COMPLAINT* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Nathalie Dressie, Esq.
> The Dressie Law Firm, LLC
> 3500 Lenox Road, NE
> Suite 1500
> Atlanta, GA 30326

This 29th day of April, 2022.

*/s/ Sheetal M. Brahmbhatt*
Sheetal M. Brahmbhatt
Georgia Bar No. 142065

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| YOIS TORRES and JOHAN PIRELA, INDIVIDUALLY and as PARENTS and NATURAL GUARDIANS of ALESSANDRA ARIAS, | ) ) ) ) ) | CIVIL ACTION FILE NO. 22A00853 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KNIGHT TRANSPORTATION, INC. and PAMELA BELL, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **DEMAND FOR JURY OF TWELVE**

COME NOW defendants, by way of special appearance, without waiving and specifically reserving all defenses jurisdictional and venue defenses, and, pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123, demand that this action be tried by a jury of twelve.  In support of this demand, defendants reasonably believe plaintiffs' claim for damages are greater than $25,000 and state this demand is made before the commencement of the trial term in which this case is to be tried.

STONE KALFUS LLP

*/s/ Sheetal M. Brahmbhatt*
Matthew P. Stone
Georgia Bar No. 684513

Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served the foregoing *Demand for Jury of Twelve* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Nathalie Dressie, Esq.
> The Dressie Law Firm, LLC
> 3500 Lenox Road, NE
> Suite 1500
> Atlanta, GA 30326

This 29th day of April, 2022.

*/s/ Sheetal M. Brahmbhatt*
Sheetal M. Brahmbhatt
Georgia Bar No. 142065

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)